IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal No. 2:09-1348-RMG |
| ) | |
| Sanchez Ozell McPherson, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |
| ) | |

This matter comes before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (Dkt. No. 320). Defendant asserts that "extraordinary and compelling reasons" exist for a grant of compassionate release based upon the recent Fourth Circuit decision, *United States v. Green*, 996 F.3d 176 (4th Cir. 2021), which found that Hobbs Act Robbery does not constitute a crime of violence for purposes of determining whether a defendant is a career offender under the Sentencing Guidelines.[1] Defendant contends that his sentence would today be less severe than the 262 months of incarceration he had imposed in 2012 because he would allegedly no longer be a career offender. The Government opposes the motion, noting that Defendant was convicted under 18 U.S.C. § 924(c), not Hobbs Act Robbery, and that it is "likely still" that Hobbs Act Robbery "can be considered a 'stand-alone predicate' as a crime of violence under § 924(c) based upon the Fourth Circuit's decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). (Dkt. No. 329 at 13).

---

[1] A defendant is a career offender under Sentencing Guideline § 4B1.1(a) where (1) the defendant was at least 18 years of age at the time of committing the instant offense; (2) the instant offense is a felony and is a crime of violence or a controlled substance offense; (3) the defendant has at least two prior felony convictions that were either a crime of violence or a controlled substance offense.

1

**Jurisdiction**

To invoke the jurisdiction of this Court, a defendant must first submit to his warden a request for compassionate release and thirty days must have passed. 18 U.S.C. § 3582(c)(1)(A). The Government does not challenge Defendant's assertion that he has satisfied all requirements for the Court's jurisdiction over this motion for compassionate relief.

**Legal Standards**

Recent statutory changes have provided the federal district courts jurisdiction to reduce the sentences of previously sentenced federal inmates on the basis of compassionate release under certain limited circumstances. Defendant must first meet one of the threshold requirements for compassionate release. These include:

1. The inmate is 70 years of age, has served 30 years in prison, and is not a danger to the community, 18 U.S.C. § 3582(c)(1)(A)(ii);

2. Where a defendant has raised the risk of COVID-19 as a basis for compassionate release, the defendant has demonstrated a particularized risk of developing severe illness or death due to his medical conditions, *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021); or

3. "Extraordinary and compelling reasons" for compassionate release exist, which include "any extraordinary and compelling reasons for release the defendant might raise" and "truly exceptional cases that fall within no statutory category, 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. McCoy*, 981 F.3d 271, 284, 287 (4th Cir. 2020).[2]

---

[2] Sentencing Guideline 1B1.13 and the Application Notes associated with this provision, which are applicable to decisions of the Director of the Bureau of Prisons in making grants of compassionate release and do not constrain the discretion of the district court, may provide

A defendant seeking a sentence reduction on the basis of compassionate release carries the burden of establishing his entitlement to relief. If a defendant meets one of the threshold requirements for compassionate release, the district court must then consider the request for sentence reduction under the standards of 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

**Factual Background**

Defendant's conviction arose out an effort by Defendant and a co-defendant, Anthony Grant, to rob a fellow drug dealer at gunpoint. The robbery victim called 911 and reported he had been robbed by men with a gun. Law enforcement officers were able to locate the defendants' vehicle and a 20-30 minute high speed chase ensued that included the defendants racing up a busy one way street in downtown Charleston the wrong way. In the course of the pursuit, law enforcement officers observed the defendants throwing a firearm, cocaine and a digital scale out of the window. (Dkt. No. 140 at 4-5). Defendant was indicted on various drug and firearm counts and ultimately entered a guilty plea to Using and Carrying a Firearm During and in Relation to a Crime of Violence.

Defendant had three prior convictions for possession with the intent to distribute illicit drugs, which qualified him as a career offender under Sentencing Guideline § 4B1.1(a) so long as his instant offense was a crime of violence or a controlled substance offense. (*Id*. at 7-9). Defendant's guilty plea to a violation of § 924(c) was determined to be a crime of violence, and he was found, consequently, to be a career offender. Due to Defendant's career offender status,

---

"helpful guidance" to district courts. *McCoy*, 981 F.3d at 282 n.7. Among the factors to consider under Sentencing Guideline 1B1.13 and its Application Notes include (A) whether the inmate is suffering from mental and/or physical conditions which substantially diminish a defendant's capacity for self-care; (B) whether a defendant is suffering from a terminal illness; and (C) whether the defendant is at least 65 years old, has served the lesser of 10 years or 75% of his sentence, and is experiencing a serious deterioration in physical or mental health because of the aging process.

his criminal history category was deemed a VI and his guideline range was 262-327 months. Sentencing Guideline § 4B1.1(c)(1), (c)(3). Defendant was sentenced by now retired United States District Judge Michael Duffy on March 12, 2012 to 262 months of incarceration followed by three years of supervised release. (Dkt. No. 147). Defendant has a presently projected release date of October 29, 2027. (Dkt. No. 320-1 at 14).

## Discussion

A.     Threshold Requirements for Compassionate Release

Defendant bases his application for compassionate release on the Fourth Circuit's decision in *United States v. Green*, which held that Hobbs Act Robbery no longer qualifies as a crime of violence for purposes of the career offender provision of the Sentencing Guidelines. 996 F.3d at 184. Defendant's effort to utilize compassionate release to challenge the lawfulness of his prior sentence faces significant legal obstacles. First, the Fourth Circuit has held that compassionate release cannot be used to make a collateral attack on the lawfulness of a previously imposed sentence. *United States v. Ferguson*, 55 F.4th 262, 269-270 (4th Cir. 2022). The proper method to challenge the lawfulness of a sentence is under 28 U.S.C. § 2255. As the *Ferguson* Court observed, "[b]ecause § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, *such as compassionate release*, to sidestep § 2255 requirements." *Id*. at 270 (emphasis added). Consequently, Defendant's efforts to utilize compassionate release to challenge the lawfulness of his previously imposed sentence is improper.

Second, as previously noted, Defendant was convicted of a § 924(c) offense. Recent case law of the Fourth Circuit, in *United States v. Mathis*, has indicated that Hobbs Act Robbery remains a proper predicate offense for a § 924(c) conviction and that a § 924(c) conviction is considered a

crime of violence. 932 F.3d, 242, 265-66 (4th Cir. 2019); *see also, United States v. Bond*, 56 F.4th 381, 382-83 (4th Cir. 2023); *United States v. Vanderhorst*, 2021 WL 2947728 (4th Cir. 2021); *United States v. Bennett*, 848 Fed. Appx. 596 (4th Cir. 2021).

The Court finds that Defendant is not entitled to compassionate release based upon two separate and independent grounds: the prohibition of using compassionate release to make a collateral attack on a previously imposed sentence under *Ferguson* and the continued viability of Hobbs Act Robbery as a proper predicate offense for a § 924(c) offense under *Mathis*.

B.     § 3553(a) factors

The Court has found that the threshold requirements of compassionate release have not been met. Moreover, even if extraordinary and compelling reasons for compassionate release had been found, the Court would not grant the motion after weighing the relevant § 3553(a) factors, as set forth below:

1.     Nature and Circumstances of the Offenses and Seriousness of Offenses: Defendant was convicted of a § 924(c) violation that involved the use of a firearm to engage in an armed robbery of a fellow drug dealer that subsequently resulted in a high-speed chase in downtown Charleston. This included tossing a gun, cocaine, and a digital scale from the speeding vehicle and going the wrong way on a one-way street. The Court finds Defendant's offense was serious and posed a significant threat to public safety, which supported then and now a need for a significant sentence.

2.     History and Characteristics of Defendant: Defendant's criminal history reflects an almost unremitting pattern of drug dealing, interrupted only by periods of incarceration. Defendant has 14 prior convictions, seven of which were felonies. Furthermore, Defendant's disciplinary record while incarcerated has been far from exemplary. It includes multiple sanctions for

threatening bodily injury, fighting, and public masturbation and stroking his penis in the presence of prison staff. (Dkt. No. 329-1). Defendant's past criminal conduct and conduct while incarcerated make him a continuing threat to public safety.

3. <u>Provide Just Punishment and Promote Respect for the Law</u>: A significant sentence was necessary to hold Defendant accountable because shorter sentences had failed to deter his persistent criminal activity. This need continues today.

4. <u>Protect the Public from Further Crimes of the Defendant and Deter Future Criminal Conduct</u>: Defendant's criminal history demanded a significant sentence to deter further criminal conduct and to protect the public. This need continues today.

Based on the foregoing and weighing all of the § 3553(a) factors, the Court finds that even if the threshold requirements of compassionate release were met (which the Court found they were not), the Court would not grant Defendant's motion for compassionate release based on the present record before the Court.

## Conclusion

Based on the foregoing, Defendant's motion for compassionate release (Dkt. No. 320) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

June 23, 2023
Charleston, South Carolina